UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE STARKS JOHNSON Individually and as Next Friend of Minor Z.J., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-2010-B |
| CROSBY ELEMENTARY SCHOOL, FORNEY INDEPENDENT SCHOOL DISTRICT, and HEATHER OAS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Forney Independent School District ("FISD")'s Motion to Dismiss Plaintiff Charlotte Starks Johnson, Individually and as Next of Friend of Minor Z.J. ("Johnson")'s Amended Petition (Doc. 4). Also before the Court is Defendant Heather Oas's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), 12(b)(2), and 12(b)(6) (Doc. 16). For the following reasons, the Court **GRANTS** both Motions.

## I.

## BACKGROUND

This case involves the alleged mistreatment of a schoolchild, Z.J., by his classmates, teacher, and school district. Johnson is the adoptive mother of Z.J. Doc. 1-13, Am. Pet., 2. In 2023, Z.J. was allegedly taped to a chair by his teacher and beaten by his peers. *Id.* at 3–4. Johnson, individually and on Z.J.'s behalf, now asserts claims under state and federal law against the teacher and school district. *Id.* at 4–7.

- 1 -

Z.J. is a child who suffers from dwarfism and chronic migraines. *Id.* at 4. During the 2022-2023 school year, he was enrolled at Crosby Elementary School ("CES") *Id.* at 3–4. Johnson alleges that on or about February 22, 2023, Z.J.'s teacher, Defendant Heather Oas, "grabbed [Z.J.] by the arm and led him to his chair after allegedly not being in compliance with her instruction regarding the classroom line in the hallway." *Id.* at 3. Oas enlisted the help of Z.J.'s classmates, asking one student to hold Z.J.'s arms down and another to grab tape. *Id.* at 4. Oas proceeded to tape "Z.J.'s body down to his chair." *Id.* After Z.J. was taped down, Oas left the classroom to return the tape; while Oas was gone, "some of Z.J.'s classmates began hitting him over the head." *Id.* Z.J. was eventually able to remove himself from the chair. *Id.* Upon learning of the incident, Johnson "took Z.J. to his pediatrician for observation and treatment, and he continues to visit his pediatrician at this time." *Id.*

Johnson filed her original petition on August 3, 2023, in Texas state court. Doc. 1-8, Pet. Her initial pleading named CES, FISD, and Oas as defendants and asserted claims for negligence, gross negligence, and intentional infliction of emotional distress. *See id.* at 4–5. On September 5, 2023, Johnson amended her petition to remove CES as a defendant and assert additional claims under state and federal law. *See* Doc. 1-13, Am. Pet. Johnson's Amended Petition, which is her operative pleading, asserts claims for negligence, gross negligence, intentional infliction of emotional distress, and violations of the Texas Education Code solely against Oas; she also brings claims under 42 U.S.C. § 1983 against both Oas and FISD. *Id.* at 6–7. Upon amending her petition to include the § 1983 claim, FISD removed the case to this Court. Doc. 1, Notice of Removal. Oas did not join in FISD's removal, apparently because she had not yet been served. *See id.* Johnson eventually served Oas with a state court summons—which was issued after FISD removed—in February 2024. *See* Doc. 15, Notice; Doc. 18-1, Ex. A., 2.

FISD and Oas have each moved to dismiss Johnson's claims on 12(b)(6) grounds. *See* Doc. 4, Mot. Dismiss; Doc. 16, Mot Dismiss, 1. Oas also seeks dismissal of the Amended Petition for improper process and service, and for want of personal jurisdiction. *See* Doc. 16, Mot. Dismiss, 1. Both FISD and Oas's motions are fully briefed and ripe for review. The Court considers them below.

## II.
## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 919 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 123 S. Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

556, 127 S. Ct. 1955). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations admitted).

## III.

## ANALYSIS

FISD and Oas have each moved to dismiss Johnson's Amended Petition. FISD moves under Rule 12(b)(6) to dismiss (1) Johnson's state-law claims against Oas and (2) Johnson's § 1983 claims against FISD. According to FISD, Johnson's state-law claims against Oas fail because, under Texas law, a plaintiff may not bring a claim under the Texas Tort Claims Act ("TTCA") against both a governmental unit and its employees; such claims, FISD argues, may only be brought against the governmental unit, here, FISD. FISD further contends that Johnson's § 1983 claim against it fails because Johnson has not shown the existence of an official policy adopted by FISD.

Oas moves to dismiss Johnson's Amended Petition under Rules 12(b)(6), 12(b)(4), 12(b)(5), and 12(b)(2). She seeks dismissal of the four state-law claims asserted against her under Rule 12(b)(6) for the same reasons as FISD. Oas also argues that Johnson's § 1983 claims should be dismissed under Rule 12(b)(6) because the Amended Petition lacks sufficient facts to overcome the defense of qualified immunity. Oas separately seeks dismissal of the Amended Petition under Rules 12(b)(4), 12(b)(5), and 12(b)(2) for purported defects in Johnson's process and service.

The Court concludes that Johnson has failed to plausibly state a claim with respect to each cause of action asserted in this litigation. The Court also finds that process was insufficient as to Oas. Accordingly, the Court **GRANTS** both FISD's and Oas's Motions.

A.    *Oas*

1.    Rule 12(b)(6)

Johnson brings six claims against Oas: four state-law claims and two claims under § 1983. Both FISD and Oas seek dismissal of the four state-law claims asserted against Oas under Rule 12(b)(6). Oas also argues that the remaining two § 1983 claims brought against her should be dismissed on 12(b)(6) grounds. The Court considers each argument in turn.

i.    *State law claims*

Johnson's operative pleading asserts four state-law tort claims against Oas. She brings causes of action for (1) negligence, (2) gross negligence, (3) intentional infliction of emotional distress, and (4) violations of § 22.0511 of the Texas Education Code. Doc. 1-13, Am. Pet., 4–6. Defendants are correct that Johnson is foreclosed from pursuing these claims against Oas.

Government units in Texas are immune from suit absent a waiver of that immunity by the state legislature. *Herrera v. Dallas Indep. Sch. Dist.*, 609 S.W.3d 579, 585 (Tex. App.—Dallas 2020, pet. denied). School districts, such as FISD, "are governmental units that enjoy governmental immunity from lawsuits for damages." *TXU Energy Retail Co. L.L.C. v. Fort Bend Indep. Sch. Dist.*, 472 S.W.3d 462, 465 (Tex. App.—Dallas 2015, no pet.). As relevant to this case, however, the Texas legislature provided for "a limited waiver of [governmental] immunity for certain tort claims against the government" in the TTCA. *Texas Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013). The TTCA permits suits against governmental units for, *inter alia*, "personal injury . . . caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if . . . the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(1)(B).

However, the TTCA also includes an "Election of Remedies" provision, TEX. CIV. PRAC. & REM. CODE § 101.106, which generally prohibits recovery from the governmental unit and its employee in the same action. *See Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019) ("Section 101.106 . . . requir[es] plaintiffs to choose between suing the governmental unit under the [TTCA] and suing a responsible employee in an individual capacity."). Specifically, § 101.106(a) provides that "[t]he filing of a suit under [the TTCA] against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). If a plaintiff brings claims under the TTCA against both the governmental unit and its employee, dismissal of the employee is required "on the filing of a motion by the governmental unit." *Id.* § 101.106(e); *Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 537 (Tex. 2017) ("[T]his requirement effectively makes a plaintiff's apparent nonchoice an election to sue only the government."); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010).

The Election of Remedies provision forces plaintiffs to "decide at the outset [of the litigation] whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). "That decision is an irrevocable election at the time suit is filed whether to sue the governmental unit under the [TTCA] or proceed against the employee alone." *Rios*, 542 S.W.3d at 536 (citation and alteration omitted). Because a plaintiff must make an irrevocable decision at the time a lawsuit is filed, courts look to the initial pleading in determining whether a plaintiff has elected to pursue her claims against the governmental unit or the employee. *City of Webster v. Myers*, 360 S.W.3d 51, 58 n.4

(Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Texas Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 419 (Tex. 2015). Thus, where the original pleading asserts claims under the TTCA against a governmental unit, the plaintiff may not thereafter amend her pleadings to assert like claims solely against the employee. *Myers*, 360 S.W.3d at 58 n.4. However, § 101.106 does not prohibit a plaintiff "from amending her petition in accordance with applicable procedural rules to assert claims that are not brought under the [TTCA]." *Cannon*, 453 S.W.3d at 419.

Applying the foregoing here, the Court concludes that Johnson is barred from pursuing her four state-law claims against Oas. Her negligence, gross negligence, and intentional infliction of emotional distress claims are barred by § 101.106 because Johnson elected to pursue those claims solely against FISD. And her claim for violations of § 22.0511 of the Texas Education Code fails because § 22.0511 does not provide a right of action.

The Court begins by examining Johnson's original petition. *See Myers*, 360 S.W.3d at 58 n.4. Johnson initially sued CES, FISD, and Oas. Doc. 1-8, Pet., 2–3. Her original petition asserted claims for negligence, gross negligence, and intentional infliction of emotional distress expressly against CES. *Id.* at 4–5. It is not entirely clear, however, that each of these claims was also asserted against FISD and Oas. *See id.* at 2–5. Nevertheless, the Court finds that at a minimum, Johnson's claim for gross negligence was also asserted against FISD and Oas. *Id.* at 5 ("*Defendants* acted with reckless disregard for the safety of the public, most notably Z.J." (emphasis added)). There is no serious dispute that Johnson's gross negligence claim against FISD was brought under the TTCA. *See Garcia*, 253 S.W.3d at 659 ("Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under the [TTCA]' for purposes of [§] 101.106." (alterations omitted)). And from the facts alleged in her original

pleading, Johnson's claims for negligence and intentional infliction of emotional distress arise out of the "same subject matter" as her gross negligence claim against FISD. TEX. CIV. PRAC. & REM. CODE § 101.106(a). As a result, Johnson made the irrevocable decision at the outset of this litigation to proceed with those three claims *solely* against FISD under the TTCA. *See Rios*, 542 S.W.3d at 536.

Johnson has since amended her initial pleadings to assert claims for negligence, gross negligence, and intentional infliction of emotional distress solely against Oas. *See* Doc. 1-13, Am. Pet., 2–9. But because Johnson initially elected to pursue those claims under the TTCA against FISD, she is now barred from amending her pleadings to assert like claims against Oas. *Cannon*, 453 S.W.3d at 419. Accordingly, the Court concludes that Johnson's claims for negligence, gross negligence, and intentional infliction of emotional distress against Oas are barred..

Johnson's only remaining state-law claim against Oas is for purported "violations" of § 22.0511(a) of the Texas Education Code. *See* Doc. 1-13, Am. Pet., 6; Doc. 8, Resp., 3. As relevant here, § 22.0511 provides:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE § 22.0511(a). Johnson claims that Oas violated § 22.0511 by "us[ing] excessive force in the discipline of Z.J. when she tied him down[] [and] b[ound] him to a chair using classroom tape[,]" which ultimately resulted in bodily injury to Z.J. Doc. 1-13, Am. Pet., 6. Johnson argues that her § 22.0511(a) claim is brought under the Texas Education Code, and thus, she is

not barred from this claim against Oas under the TTCA. *See* Doc. 8, Pl.'s Resp., 3. The Court disagrees.

Section 22.0511(a) of the Texas Education Code does not provide a remedy to plaintiffs, and therefore, no claim can be said to be brought under it. *Cf. Cannon*, 453 S.W.3d at 415 ("[A] claim against the government under the Texas Commission on Human Rights Act (TCHRA) is not a suit filed under the [TTCA] . . . [because] the [TTCA] expressly provides that the remedies it authorizes 'are in addition to any other legal remedies,' and the TCHRA provides a statutory remedy for unlawful discrimination." (citations omitted)). Quite the opposite—it provides a shield of immunity for a school district's professional employees that otherwise would not exist. *See* TEX. EDUC. CODE § 22.0511(a). As Johnson purports to assert a claim under a statute which does not provide a right of action, dismissal of that claim is required independent of § 101.106. *See Doe v. S & S Consol. I.S.D.*, 149 F. Supp. 2d 274, 297 (E.D. Tex. 2001); *Poloceno v. Dallas Indep. Sch. Dist.*, No. 3:18-CV-01284-E, 2019 WL 7305216, at *4 (N.D. Tex. Dec. 30, 2019) (Brown, J.).

In sum, because Johnson made the "irrevocable election" to bring a claim under the TTCA against the governmental entity, Johnson is prohibited from amending her petition to "omit claims against [FISD] in an attempt to preserve tort claims against [Oas] that would otherwise have been subject to dismissal." *Rios,* 542 S.W.3d at 537. For this reason, Johnson's negligence, gross negligence, and intentional infliction of emotional distress claims against Oas, which arise from the same subject matter as the claim initially asserted against FISD, are subject to dismissal under § 101.106(e) of the TTCA. Her Texas Education Code claim is separately subject to dismissal because § 22.0511 does not provide plaintiffs with a right of action. Accordingly, the Court **DISMISSES WITH PREJUDICE** Johnson's claims against Oas for (1) negligence, (2) gross

negligence, (3) intentional infliction of emotional distress, and (4) violations of § 22.0511 of the Texas Education Code.

>    ii.    *§ 1983 claims*

Johnson also asserts claims against Oas under 42 U.S.C. § 1983. Doc. 1-13, Am. Pet., 6–7. Section 1983 imposes civil liability on "[e]very person who, under color of [state law] . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States] . . . ." 42 U.S.C. § 1983. Johnson pleaded two § 1983 claims against Oas. First, Johnson alleged that, under the state-created danger doctrine, Oas deprived Z.J. of his liberty without due process of law. Doc. 1-13, Am. Pet., 6. Second, Johnson pleaded that, under the special relationship doctrine, Oas violated Z.J.'s substantive due process right to bodily integrity. *Id.* at 6–7. Oas now seeks dismissal of these claims pursuant to Rule 12(b)(6) on qualified immunity grounds. Doc. 17, Oas Br., ¶¶ 30–35.

"The doctrine of qualified immunity protects public officials from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "The defense of qualified immunity may be raised in a motion to dismiss pursuant to FRCP 12(b)(6)." *See Rivens-Baker v. Larue*, No. CV-H-22-2480, 2023 WL 5279170, at *2 (S.D. Tex. Aug. 15, 2023). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). To overcome a 12(b)(6) motion in the face of a qualified immunity defense, a plaintiff must

allege facts which plausibly establish "(1) the defendant violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the challenged conduct." *Larue*, 2023 WL 5279170, at *2. "Courts 'exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Pearson*, 555 U.S. at 326).

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). In conducting this inquiry, a court should "not . . . define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Instead, "[t]his inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Mullenix*, 577 U.S. at 12 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)). Thus understood, "[t]he dispositive question is whether the violative nature of particular conduct is clearly established." *Id.* (citations omitted).

In this case, Johnson has failed to plausibly plead a violation of Z.J.'s clearly established rights under the Due Process Clause.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. But "[t]he Due Process Clause does not, as a general matter, require the government to protect its citizens from the acts of private actors." *Fisher v. Moore*, 73 F.4th 367, 371 (5th Cir. 2023) (alterations omitted) (quoting *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 312 (5th Cir. 2002)), *cert. denied*, 144 S. Ct. 569 (2024). "Because the Fourteenth Amendment protects liberty and property interests only against invasion by the state, a section 1983 plaintiff alleging the

deprivation of Due Process under the Fourteenth Amendment must also show that state action caused his injury." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Here, Johnson does not claim that Oas directly violated Z.J.'s due process rights; instead, she alleges that Oas violated Z.J.'s due process rights by allowing other students, who are not state actors, to inflict bodily harm upon Z.J. *See* Doc. 1-13, Am. Pet., 6–7. But "[a]s a general rule, the state's failure to protect an individual from private violence does not violate the Due Process Clause." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004). There are two relevant exceptions to this rule: the state-created danger exception and the special relationship exception. *See Chaney v. E. Cent. Indep. Sch. Dist.*, No. SA-21-CV-01082-FB, 2022 WL 1540592, at *9–10 (W.D. Tex. May 16, 2022). Under the state-created danger exception, "a state actor who knowingly places a citizen in danger may be accountable for the foreseeable injuries that result." *Fisher*, 73 F.4th at 371 (alterations and citations omitted). Under the special relationship exception, "a state may create a special relationship with a particular citizen, requiring the state to protect him from harm, when the State takes a person into its custody and holds him there against his will." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 855–56 (5th Cir. 2012) (citations omitted). Johnson attempts to invoke both exceptions to the state-actor requirement in connection with her § 1983 claims against Oas. *See* Doc. 1-13, Am. Pet., 6–7; Doc. 23, Pl.'s Resp., 7–8. Specifically, she relies on the state-created danger exception in connection with her procedural due process claim, Doc. 1-13, Am. Pet., 6, and the special relationship exception with respect to her substantive due process claim, *id.* at 6–7; *see also* Doc. 23, Pl.'s Resp., 7–8. Both exceptions fail in this case.

Johnson's procedural due process claim fails because the Fifth Circuit has not expressly recognized the state-created danger exception, and thus, she cannot show the violation of a clearly

established right as necessary to overcome qualified immunity. In pleading her procedural due process claim, Johnson expressly relies on the state-created danger exception to establish Oas's liability under § 1983. *See* Doc. 1-13, Am. Pet., 6. She alleged that Oas "created a dangerous environment that she knew to be dangerous when she tied Z.J. to a chair, binding his hands, preventing him from being free." *Id.* Johnson further pleaded that Oas's "use of authority as a classroom teacher by bounding Z.J. to a chair and allowing students to hit him on the head with open and closed fists, created an opportunity that otherwise would not have existed." *Id.* However, the Fifth Circuit has yet to expressly recognize the state-created danger doctrine and has "held time and again, the right to be free from state-created danger is not clearly established in this circuit." *Fisher*, 73 F.4th at 371. "And a never-established right cannot be a clearly established one." *Id.* at 369 (emphasis omitted). Because the claimed due process right to be free from injuries caused by dangerous conditions created by state actors has not been expressly recognized in this Circuit, Johnson has failed to plead facts sufficient to overcome the defense of qualified immunity with respect to her procedural due process claim.

Johnson's substantive due process claim against Oas fails because she has not to pleaded facts properly invoking the special relationship exception. While the Supreme Court has recognized the special relationship exception to the state-action requirement, it applies only "'when the State takes a person into its custody and holds him there against his will.'" *Covington Cnty.*, 675 F.3d at 856 (quoting *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 199–200 (1989)). For example, a "special relationship exists when the state incarcerates a prisoner or involuntarily commits an individual to an institution." *Id.* (citations omitted). "In such instances, 'the Constitution imposes upon [the state] a corresponding duty to assume some responsibility for his safety and general well-being.'" *Id.* (quoting *DeShaney*, 489 U.S. at 200). However, the Fifth

Circuit has "consistently held that a student-school relationship cannot be the basis for the 'special relationship' exception." *Strickland v. Dallas Indep. Sch. Dist.*, No. 3:22-CV-0056-D, 2022 WL 3081577, at *5 (N.D. Tex. Aug. 3, 2022) (Fitzwater, J.) (citing *Covington Cnty.*, 675 F.3d at 857 ("We reaffirm, then, decades of binding precedent: a public school does not have a *DeShaney* special relationship with its students requiring the school to ensure the students' safety from private actors.")). Plaintiffs' amended petition does not contain factual allegations sufficient to overcome the "decades of binding precedent" refusing to recognize a special relationship between students and school staff. *See Covington Cnty.*, 675 F.3d at 857. Therefore, Johnson has failed to allege that the special relationship exception is applicable and, consequently, that Z.J.'s substantive due process rights were violated.

In sum, the Court concludes that Johnson has not shown that Oas violated a clearly established right with respect to her procedural due process claim or that Z.J's substantive due process rights were violated. She claims that Oas is responsible for the injuries sustained by Z.J. under the state-created danger doctrine and special relationship doctrine. The former is not clearly established in this Circuit, and the Amended Petition does not allege sufficient facts in support of the latter. Accordingly, Johnson's § 1983 claims against Oas must be dismissed.

The Court notes, however, that, from the facts alleged in the Amended Petition, Johnson may well be able to satisfy the state action requirement needed to sustain her due process claims without resort to the state-created danger or special relationship exceptions. *See Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094, 1097 (5th Cir. 2022) ("[Defendant's] ordering [his] players to assault the referee . . . does not fit in the state-created-danger box. Instead, it is an example of a public official's ordering private actors to engage in conduct. The law has long recognized that state action exists when a state actor commands others to commit acts as much as when the state actor

- 14 -

commits those acts."). But Johnson explicitly chose to plead her due process claim against Oas under other theories and has defended her invocation of the same in her briefing. Because she has done so, dismissal is required. *See* Doc. 1-13, Am. Pet., 6–7; Doc. 23, Pl.'s Resp., 7–8. Nevertheless, the Court will permit Johnson leave to amend her pleadings to assert an alternative, potentially viable due process claim against Oas.

For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Johnson's § 1983 claims against Oas.

> ### 2.    Rules 12(b)(2), 12(b)(4), and (12)(b)(5)

Oas has also moved to dismiss the Amended Petition under Rules 12(b)(4), 12(b)(5), and 12(b)(2). Doc. 16, Mot Dismiss. Each argument relates to the propriety of process and service thereof. *See* Doc. 17, Br., ¶¶ 8–22.

"An objection under Rule 12(b)(4) concerns the form of the process" and "is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Shivers v. Akima Intra-Data*, No. 2:07 CV 55KS MTP, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008). On the other hand, "[a] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Id.* Finally, a Rule 12(b)(2) motion challenges the propriety of the Court's exercise of personal jurisdiction over a defendant. *See* FED. R. CIV. P. 12(b)(2).

Oas contends that dismissal is proper under Rules 12(b)(2), 12(b)(4), and 12(b)(5) because Johnson served her with a state court summons three months after the case had been removed to federal court. *See* Doc. 17, Br., ¶¶ 8–22. This case was initially filed in state court in August 2023, Doc. 1-8, Pet., and FISD subsequently removed to federal court in September 2023, Doc. 1, Notice

of Removal. Johnson did not serve Oas prior to removal. *See* Doc. 11, Order. Instead, in December

2023, while the case was pending in this Court, Johnson obtained a summons from the state court

in which this case was initially filed, and she served Oas with the state-court summons in February

2024. *See* Doc. 18-1, Ex. A, 2; Doc. 15, Notice.

       Oas argues that dismissal is proper under Rule 12(b)(4) because the content of the

summons served upon her did not meet the minimum requirements of Rule 4(a)(1). Doc. 17, Br.,

¶¶ 11–18. She likewise maintains that service of process was defective under Rule 12(b)(5) because

Johnson served a "void," state-court summons. *Id.* ¶¶ 19–20. Lastly, she argues that because process

and service were improper, this Court is without personal jurisdiction to adjudicate Johnson's

claims against her. *Id.* ¶¶ 21–22; *see Savage v. Detroit Indep. Sch. Dist.*, No. 4:22-CV-00202, 2022

WL 16814962, at *3 (E.D. Tex. Nov. 8, 2022) ("Service of process and personal jurisdiction are

closely intertwined because adequate service is a prerequisite to personal jurisdiction.").

       Oas's only viable argument lies with Rule 12(b)(4). Her Rule 12(b)(5) motion fails because

she challenges the content of the summons, not any defect in the manner in which that summons

was served. Doc. 17, Br., ¶ 11; *see Shivers*, No. 2:07 CV 55KS MTP, 2008 WL 3992669, at *3. And

while improper process can deprive a court of personal jurisdiction, the appropriate vehicle by

which to levy a personal jurisdiction challenge solely based on improper process or service is Rule

12(b)(4), not Rule 12(b)(2). *Cf. Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-CV-

00173-JRG, 2023 WL 6606722, at *7 (E.D. Tex. Oct. 6, 2023). Thus, the Court considers only

Oas's argument under Rule 12(b)(4).

       Johnson served Oas with a state-court summons after this case was removed, and Oas

argues that this was improper. Doc. 15, Notice; Doc. 18-1, Ex. A, 2; *see also* Doc. 17, Br., ¶¶ 11–

22. Federal district courts in this Circuit are split on the issue of whether service of a state-court

summons post-removal is permissible. *Compare Alexander Technologies, Inc. v. International Frontier Forwarders, Inc.*, No. Civ. A. H-05-2598, 2006 WL 3694517, at *1 (S.D. Tex. Dec. 14, 2006) *with Minter v. Showcase Systems, Inc.*, 641 F. Supp. 2d 597, 599–602 (S.D. Miss. 2009). The Fifth Circuit has not spoken on the issue. *See Carr v. City of Spring Valley Vill.*, No. 19-20373, 2022 WL 1553539, at *3 (5th Cir. May 17, 2022).

The problem here is that Johnson obtained the summons from the state court clerk only *after* the case had been removed. Doc. 18-1, Ex. A, 2. For those courts which allow service of a state-court summons post-removal, they appear to require that the summons be issued before removal. *See, e.g., Minter*, 641 F. Supp. 2d at 599–602. ("The court thus concludes that the *completion* of state service of process upon General Conveyor following removal to this court was proper service of process . . . ." (emphasis added)). Thus, even were this Court to assume that post-removal service of a state-court summons was permissible as a general proposition, it was not proper here where Johnson first obtained the state-court summons while her case was pending in federal court. *See id.* Accordingly, the Court concludes that process was insufficient under Rule 12(b)(4) and thus separately **DISMISSES WITHOUT PREJUDICE** Johnson's § 1983 claims against Oas under Rule 12(b)(4). Should Johnson elect to amend her pleadings, she should ensure that she obtains a proper summons from this Court and effectuates service in a manner provided for under the Federal Rules of Civil Procedure.

B.     FISD

Johnson also asserts claims against FISD under § 1983. Doc. 1-13, Am. Pet., 6–7. However, Johnson fails to plead facts demonstrating that FISD adopted an official policy which was the moving force behind any alleged constitutional violations in this case. Thus, Johnson has failed to state a § 1983 claim against FISD.

In *Monell v. New York City Dept. of Social Services*, the Supreme Court held that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978) (emphasis in original); *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) ("[M]unicipal entities like the school district qualify as "persons."). However, at the same time, the Supreme Court "recognized a limitation on this liability and concluded that a municipality cannot be made liable by application of the doctrine of *respondeat superior.*" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). Instead, municipalities incur liability under § 1983 "when, and only when, their official policies cause their employees to violate another person's constitutional rights." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988).

Thus, to prevail against a municipality under § 1983, "a plaintiff must show that an official policy promulgated by a municipal policymaker was the moving force behind the violation of a constitutional right." *Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022). An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citations omitted).

In this case, Johnson appears to argue that FISD had an official policy of failing to train its teachers. *See* Doc. 8, Pl.'s Resp., 2–3. "The failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights . . . ." *Peterson*, 588 F.3d at 849. "To state a cognizable failure-to-train claim, a plaintiff must plead facts plausibly demonstrating that: (1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy;

and (3) the inadequate training policy directly caused the constitutional violations in question." *Jackson v. Valdez*, 852 F. App'x 129, 135 (5th Cir. 2021).

Johnson failed to plead the first and second elements of her failure-to-train claim. *See generally* Doc. 1-13, Am. Pet. First, Johnson has alleged no facts regarding FISD's training procedures or lack thereof. *See id.* "In order for 'liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective.'" *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)). Johnson's allegations miss this mark by a wide margin. Because there are no allegations regarding FISD's training programs at all, Court cannot plausibly infer that these procedures were inadequate. Thus, the allegations are insufficient as to the first element of her claim.

Second, there are no factual allegations going to FISD's deliberate indifference. There are two ways to establish deliberate inference. *Jackson*, 852 F. App'x at 136. First, a plaintiff may allege a pattern of constitutional violations committed by municipal employees such "that the need for further training must have been plainly obvious to the policymakers." *Id.* at 136 (citations and alterations omitted). Second, in the absence of such a pattern, a plaintiff may allege "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Id.* (citations omitted). "This single-incident exception applies when the risk of constitutional violations was or should have been an obvious or highly predictable consequence of the alleged training inadequacy." *Id.* (citations omitted). Johnson has only alleged a single incident in which FISD's employee is claimed to have violated a student's constitutional rights, and thus, she cannot rely on a pattern to establish deliberate indifference. Johnson has also failed to allege facts which

would plausibly support the application of the single-incident exception, which is "generally reserved . . . for cases in which the policymaker provides no training whatsoever with respect to the relevant constitutional duty as opposed to training that is inadequate only as to the particular conduct that gave rise to the plaintiff's injury." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 625 (5th Cir. 2018) (citations omitted). Here, Johnson has neither pleaded that FISD completely failed to train its teachers regarding disciplining student, nor pleaded that its training was so inadequate that the incident to Z.J. was highly predictable. Thus, the single incident exception is inapplicable to facts alleged here.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Johnson's § 1983 claims against FISD.

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** FISD's Motion to Dismiss (Doc. 4) and Oas's Motion to Dismiss (Doc. 16). Johnson's claims against Oas for negligence, gross negligence, intentional infliction of emotional distress, and violations of § 22.0511 of the Texas Education Code are **DISMISSED WITH PREJUDICE.** Johnson's § 1983 claims against FISD and Oas are **DISMISSED WITHOUT PREJUDICE**. Should Johnson elect to file an amended complaint, she must do so within **twenty-one (21)** days of the date of this Order.

**SO ORDERED.**

**SIGNED: August 2, 2024.**

JANE J. BOYLE

UNITED STATES DISTRICT JUDGE