UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE STARKS JOHNSON Individually and as Next Friend of Minor Z.J., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-2010-B |
| FORNEY INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Forney Independent School District ("FISD")'s Motion to Dismiss Plaintiff Charlotte Starks Johnson, Individually and as Next of Friend of Minor Z.J. ("Johnson")'s Third Amended Complaint (Doc. 28). For the following reasons, the Court **GRANTS** FISD's Motion.

## I.

## BACKGROUND

This case involves the alleged mistreatment of a schoolchild, Z.J., by his classmates, teacher, and school district. Johnson is the adoptive mother of Z.J. Doc. 27, Third Am. Compl., 1.[1] Z.J. was allegedly taped to a chair by his teacher and beaten by his peers. *Id.* at 2–3. Johnson, individually and on Z.J.'s behalf, now asserts claims under the American with Disabilities Act ("ADA") and Rehabilitation Act ("RA") against the school district. *Id.* at 3–4.

---

[1] The page numbers refer to the ECF pagination.

-1-

Z.J. suffers from dwarfism and chronic migraines. *Id.* at 3. Johnson alleges that Z.J.'s teacher "grabbed [Z.J.] by the arm and led him to his chair." *Id.* at 2. The teacher enlisted the help of Z.J.'s classmates, asking one student to hold Z.J.'s arms down and another to grab tape. *Id.* The teacher proceeded to tape "Z.J.'s body down to his chair." *Id.* After Z.J. was taped down, the teacher left the classroom. *Id.* While the teacher was gone, "some of Z.J.'s classmates began hitting him over the head." *Id.* at 3. Z.J. was eventually able to remove himself from the chair. *Id.*

Johnson filed her original petition in state court. Doc. 1-8, Pet. FISD removed the case to this Court. Doc. 1, Notice of Removal. FISD moved to dismiss Johnson's Amended Petition (Doc. 4) for failure to state a claim, which the Court granted (Doc. 25). The Court gave Johnson leave to amend. *See id.* at 15. Thereafter, Johnson filed a Third Amended Complaint (Doc. 27). FISD has moved to dismiss Johnson's Third Amended Complaint for failure to state a claim. Doc. 28, Mot. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he Court must accept all well-pleaded facts as true, [viewing] them in the light most favorable to the plaintiff." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (internal quotations omitted). But the "court will not look beyond the face of the pleadings

to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

## III.

## ANALYSIS

A. *Johnson Failed to State a Claim for Relief Under the ADA or RA.*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the RA prohibits disability discrimination by recipients of federal funding and provides that no qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To state a claim under Title II of the ADA or § 504 of the RA, a plaintiff must allege that (1) "he is a qualified individual"; (2) "he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity"; and (3) this "exclusion, denial of benefits, or discrimination is by reason of his disability." *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004) (citing *Lightbourn v. Cnty. of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)). The only difference between these two claims relates to the final element. Under § 504 of the RA, the disability must be the *sole* cause of the exclusion. *Maples v. Univ. of Tex. Med. Branch at Galveston*, 901 F. Supp. 2d 874, 879 (S.D. Tex. 2012). Title II "more broadly probits 'exclusion by reason' of [a] disability." *See Id.* (internal citation omitted). Under the ADA and RA, a "public entity is liable for the vicarious acts of any of its employees." *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574–75 (5th Cir. 2002).

Johnson fails to allege that the teacher mistreated Z.J. "by reason of [Z.J.'s] disability." *Melton*, 391 F.3d at 671–72. In *Rideau v. Keller Independent School District*, a court found that the plaintiffs supported an inference of discrimination by stating that a teacher "often got more impatient with" students with disabilities and had once treated a student with cerebral palsy so forcefully—physically forcing the student's legs down—that the student screamed. 978 F. Supp. 2d 678, 680, 683 (N.D. Tex. 2013) (Means, J.). But here, Johnson offered no allegations to allow the Court to draw the reasonable inference that the teacher mistreated Z.J. because of his dwarfism. Instead, Johnson alleges that a teacher grabbed Z.J. and taped him to a chair. Doc. 27, Third Am. Compl., 2. The

teacher then left the classroom and students hit Z.J. *Id.* at 3. Johnson did not allege why the teacher taped Z.J. to a chair or that the teacher had a history of mistreating Z.J. or other students with disabilities.

Johnson alleges that Z.J. was "discriminated against based on his dwarfism" because she is not "aware of any of the other classroom children having dwarfism or any other disability." *Id.* But just because Z.J. was the only student with dwarfism does not mean that the teacher treated him poorly because of it. While the alleged conduct is entirely inappropriate, Johnson offers no allegations to support any plausible connection between the teacher's conduct and Z.J.'s dwarfism. *See Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements . . . do not suffice."). Thus, Johnson failed to state a claim under the ADA and RA.

B.   *The Court Dismisses Johnson's Third Amended Complaint with Prejudice.*

Lastly, the Court addresses FISD's request to dismiss Johnson's claims with prejudice. *See* Doc. 28, Mot., 5. A plaintiff's failure to plead a claim should not automatically result in dismissal with prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). However, a court may dismiss a claim with prejudice if the pleading defect is incurable or if the plaintiff has had other opportunities to amend her complaint. *Id.*

Johnson has already amended her complaint twice. *See generally* Doc. 1-13, Am. Pet.; Doc. 27, Third Am. Compl. The Court previously dismissed Johnson's Amended Complaint, identifying the deficiencies and allowing her an opportunity to refile. *See* Doc. 25, Order. Johnson filed her Third Amended Complaint, asserting new claims under the ADA and RA. *See generally* Doc. 27, Third Am. Compl. Thus, Johnson has had multiple opportunities to assert various theories of liability against FISD and they have all failed. *See Washington v. Weaver*, No. 08-30392, 2008 WL

4948612, at *3 (5th Cir. Nov. 20, 2008) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)) (holding that dismissal without leave to amend is appropriate when the plaintiff has presented his best case). Given that Johnson has had multiple opportunities to amend and included no more than conclusory statements in her Third Amended Complaint, the Court dismisses with prejudice.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 28). Plaintiff's Complaint is **DISMISSED** in its entirety **WITH PREJUDICE**. A final judgment will follow.

SO ORDERED.

SIGNED: December 12, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE